IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES BROWN,

                Petitioner,

    v.                             CASE NO. 08-3312-RDR

WARDEN MIDDLEBROOK,

                Respondent.

**O R D E R**

    This matter is before the court on a form petition seeking a writ of habeas corpus under 28 U.S.C. § 2241, purportedly on behalf of petitioner James Brown, a prisoner incarcerated in the United States Penitentiary in Coleman, Florida.  The petition was submitted and signed James Brown's mother, Berneice Williams, citing her power of attorney.  The petition alleges error in James Brown's federal conviction, and appears to state that appellate review and habeas relief was previously sought without success regarding this conviction.

    Also before the court is a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, without certified financial records to support a claim of indigency.

    Having reviewed the record, the court finds this matter is subject to being dismissed because there is no clear showing this court has jurisdiction to proceed in this matter.

    Federal law allows two types of representation in court: by an attorney admitted to the practice of law by the applicable regulatory body, or by a person representing himself.  28 U.S.C. §

1654.  A power of attorney may not be used to circumvent prohibitions on the unauthorized practice of law.  *See e.g.*, DePonceau v. Pataki, 315 F.Supp.2d 338, 341 (W.D.N.Y. 2004) (authority conferred on another by a power of attorney could not be used to circumscribe state laws that prohibit the practice of law by anyone other than a licensed attorney).

In the habeas context, 28 U.S.C. § 2242 provides in pertinent part that an "[a]pplication for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  In Whitmore v. Arkansas, 495 U.S. 149 (1990), the Supreme Court made clear that standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another."  Whitmore, 495 U.S. at 163.  A party seeking to represent a prisoner in a habeas proceeding must: (1) explain why the real party in interest cannot prosecute the action in his own behalf; and (2) establish a significant relationship with and a true dedication to the best interests of the real party in interest.  Id. A "next friend" bears the burden of clearly establishing the propriety of his or her status, and thereby justify the jurisdiction of the court.  Id. at 164.  Absent such a showing in this case, Berneice Williams lacks standing to prosecute this action on behalf of her son.

Finding no showing is evident on the face of the petition to satisfy the first prong of this threshold jurisdictional issue, the court concludes this matter should be summarily dismissed without prejudice.  Because there is nothing to suggest the District of Kansas is an appropriate court to consider the allegations of error

2

barely sketched in the instant petition,[1] the court further finds it unnecessary under the circumstances to offer Berneice Williams the option of seeking leave to proceed as "next friend" for her son James Brown, or to offer James Brown the option of submitting a signed petition and motion for leave to proceed in forma pauperis supported by certified financial records.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus is dismissed without prejudice, and the motion for leave to proceed in forma pauperis (Doc. 4) is denied as moot.

DATED:  This 3rd day of March 2009, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

---

[1] Relief on alleged error in James Brown's criminal proceeding was available by direct appellate review in the appropriate circuit court, or through collateral review in the sentencing court as provided and limited by 28 U.S.C. § 2255.  Even if a proper claim under 28 U.S.C. § 2241 regarding the execution of James Brown's sentence could be raised, this court would not be an appropriate venue for doing so because it has no jurisdiction over James Brown's current custodian.